SEYMOUR VAN SANTVOORD and Another v. ARTHUR P. SMITH and Another.

May 2, 1900.

Nos. 12,000—(99).

**Modification of Contract by Parol.**
> A contract not under seal, and containing no restrictions against it, may be changed and modified by a subsequent parol agreement.

**General Contracting Agent—Powers.**
> A general contracting agent, having a general supervision of his principal's business in a particular territory, whose authority with respect thereto is not limited or restricted, may consent to a change and modification of a contract made by him with a third person, if such change or modification be in the line of the principal's business.

**Instructions to Agent—Notice to Third Person.**
> Instructions to such an agent by the principal, "not to make parol contracts with agents," not having been brought to the notice of the person with whom the agent contracts, are not effectual as to such person.

Action in the district court for Pipestone county by plaintiffs, as receivers of the Walter A. Wood Mowing & Reaping Machine Company, to recover $225 and interest on an alleged guaranty of payment of certain promissory notes. The case was tried before P. E. Brown, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*Evans & Evans* and *Ashley Coffman*, for appellants.
Defendants attempt to establish the validity of the oral contract

by stating that Andrus was the general agent of the company, but whether he was a general or special agent is a conclusion of law to be established by facts and not by the naked statement of a witness. Comfort v. Sprague, 31 Minn. 405; Knight v. Luce, 116 Mass. 586; Roberts v. Pepple, 55 Mich. 367; Thayer v. City, 19 Pick. 511, 516; 1 Am. & Eng. Enc. (2d Ed.) 99, 995; Deane v. Everett, 90 Iowa, 242. The alleged contract, as changed and modified by the agent, was in direct violation of his written authority and therefore invalid. Carey v. German, 84 Wis. 80; Knudson v. Hekla, 75 Wis. 198; Hankins v. Rockford, 70 Wis. 1; Plano v. Root, 3 N. D. 165; Gardner v. Fidelity Mut. L. Assn., 67 Minn. 207; Cleaver v. Traders, 65 Mich. 527; Halverson v. Chicago, M. & St. P. R. Co., 57 Minn. 142; Sencerbox v. McGrade, 6 Minn. 334 (484).

*F. L. Janes*, for respondents.

A claim that the parties could make this contract and then could not, as between themselves, unmake or change it would involve a legal absurdity. It is probably true that they might prescribe how the change should be made, but when no method is prescribed in the contract, then it may be changed orally. Esterly v. Bemis, 93 Iowa, 398. Andrus had authority to modify or change the contract. 1 Morawetz, Priv. Corp. § 56; 1 Am. & Eng. Enc. 350. If the agent's instructions are in writing, the question of authority is one for the court; if oral, for the jury. If there is any evidence tending to prove the authority of the agent, the act cannot be excluded from the jury. Thayer v. City, 19 Pick. 511; 1 Thompson, Trials, § 1370; D. M. Osborne v. Stringham, 4 S. D. 593. See also Wheeler v. Benton, 67 Minn. 293.

BROWN, J.

Appeal by plaintiffs from an order denying a new trial after verdict for defendants. The action is one to recover upon an alleged guaranty of the payment of certain promissory notes taken by defendants on the sale of machinery, as agents of the Walter A. Wood Mowing & Reaping Machine Company, a corporation, of which plaintiffs are receivers. The facts are as follows: During the year 1892, the Walter A. Wood Mowing & Reaping Machine Company was, and since has continued to be, a corporation, en-

gaged in the manufacture and sale of farm machinery, having its place of business and principal office in the state of New York. On February 15, 1892, the defendants, as copartners, entered into a certain written contract with said corporation, by the terms of which said defendants were constituted and appointed agents for the sale of its machinery at Jasper, this state. Said contract contains, among other conditions and agreements, the following:

"Second. To make sales only to parties of well-known responsibility, * * * and to require that all notes shall bear true statements of the real and personal property of the makers, filled out and signed by them. * * *"

And also the following provision: "Fourth. Said second party hereby guaranties payment of, and agrees to indorse, all notes and renewals of notes (except such as bear property statement, as required by article second herein), in the following form, to wit: 'For value received, I hereby guaranty the payment of this note, and any renewal of same, and hereby waive demand, protest, and nonpayment.' Failure by said second party to indorse notes not bearing property statement, as herein provided for, shall not affect the above guaranty of payment."

In July, 1892, said defendants, as such agents, sold and delivered one of the machines furnished them by said corporation to one W. C. Storts, taking in payment therefor two promissory notes, payable to the corporation, each for the sum of $67.50. Defendants did not procure from Storts a property statement, as required by the terms of the contract. Storts failed to pay the notes, and this action is brought upon defendants' contract of guaranty, above set out.

There is no controversy about these facts. Defendants admit them. Their defense to the action is that, subsequent to the date of entering into the contract with the company, they found that it would be impossible to obtain from purchasers of machines the required property statement, which fact they communicated to the general contracting agent of the company, E. F. Andrus, with whom they made their contract, and that, by the mutual consent of the parties, the contract was changed and modified by relieving defendants of the obligation and duty of procuring the same, and from their agreement to guaranty the payment of all notes not accompanied with such statement. And they claim that the ma-

chine was sold to Storts by them, acting under the modified contract. The agreement to change and modify the contract was made, if at all, on the part of the company by its said agent, E. F. Andrus. Plaintiffs deny that the agreement was modified or changed in any respect; and they contend, further, that Andrus had no authority to change or modify it, if it be found that he did so as a matter of fact. There are but two questions in the case, as we view it: First, was it competent for the parties to change and modify the contract in the respect mentioned by a parol agreement; and, second, had Andrus authority to so act?

The contention of appellants is that no modification of the contract could be made by the parties except in writing, and that, in any event, Andrus had no authority to make such a change as is claimed by defendants to have been made. The contract is an ordinary contract of agency,—a simple contract, not under seal,—and it was competent for the parties to modify or change it by parol, unless the terms thereof expressly forbid such a change. It is claimed by appellants that the contract does forbid it, and this contention is true with respect to two subjects at least. The provision of the contract relied upon by appellants in this connection is as follows:

"It is understood and agreed that no verbal agreement or understanding with any contracting or other agent for the first party, under which the said second party may seek to make an outright purchase of machines or other property, instead of selling same upon commission, as provided for in this agreement, will be of any force or effect whatever, unless submitted to, or approved in writing by, the first party, through the manager of its Minneapolis office. And it is further understood and agreed that no claims for concessions of any kind shall be allowed said second party by said first party, except on written authority from said first party or its regular traveling agent."

This cannot be given the broad construction claimed for it by counsel for appellants. It refers to two subjects only, and cannot be extended to make it apply to others. It simply provides that no verbal change in the contract by which the defendants might seek to become purchasers of machines in their possession for sale, instead of selling them on commission, shall be made without ap-

proval by the company's manager at Minneapolis; and, further, that no claims for concessions of any kind shall be allowed to defendants except on written authority from the company or its regular traveling agent. Neither of these provisions can be construed as having any reference to the subject-matter here in dispute. The contract contains no other restrictions on the right of the parties to change or modify the same at their pleasure. In fact, it clearly contemplates other modifications. It provides that defendants shall abide by and carry out all instructions pertaining to prices, terms of sale, and the conduct of the agency which the company may thereafter give, and such instructions are expressly declared to be a part of the contract. There being no restrictions against it, it was clearly competent for the parties to modify the contract.

The verdict of the jury establishes the fact that it was modified in the respect claimed by defendants, and, it being competent for the parties to so agree, we have only to determine the further question whether the change and modification were within the scope of the authority of Andrus.

That it was there can be no serious doubt. The evidence establishes the fact that Andrus was the "general contracting and traveling agent" of the company; that he had twelve counties under his charge, in which were located twenty-five agencies, and had a general supervision of the business of the company in those counties. He transacted all the company's business with defendants, and made the original contract with them. It is very true that the power and authority of a general agent may be circumscribed and restricted within certain limits; that limitations may be imposed by the principal, beyond which the agent may not go and bind his principal; but no restrictions on the authority of Andrus, covering the subject in controversy, were shown. There was no attempt to dispute or controvert the evidence of defendants that he was the general contracting and traveling agent of the company. On the contrary, plaintiffs' evidence tended to corroborate the defendants' contention in that respect. Neither does plaintiffs' evidence show that Andrus was in any way prohibited from making changes in contracts made by him with agents under his charge, except in the two respects heretofore pointed out. There is no evidence that the

subject or character of the modification here involved was beyond his authority or instructions, and, having been made in the line of his duties and in the interests of his principal's business, it must be assumed, from the nature of the agency, that he was authorized to make the same. Tice v. Russell, 43 Minn. 66, 44 N. W. 886; Badger v. Ballentine, 54 Mo. App. 172; Burley v. Hitt, Id. 272; Palmer v. Roath, 86 Mich. 602, 49 N. W. 590; Indianapolis Rolling Mill v. St. Louis, Ft. S. & W. R., 120 U. S. 256, 7 Sup. Ct. 542.

If the contract as originally made carried on its face, as contended by counsel for plaintiffs, notice to defendants that Andrus had no authority to agree to a change or modification of the contract of the nature and effect of this one, we would concur in their contention that the modified contract would not be binding on the principal, and could not be enforced except by showing a ratification. But such notice was not conveyed by the original contract, nor does the evidence show any prohibition or restriction upon the right of the agent to make changes and modifications in the contract with respect to the subject under consideration. The evidence relied upon to show want of authority is found in the testimony of the agent himself, which is to the effect that he was instructed "not to make oral contracts with agents." These instructions were not communicated to defendants by the original contract or otherwise, and they are not bound thereby. Markey v. Mutual, 103 Mass. 78. The principal may impose upon the authority of his agent "as many limitations and restrictions as he thinks best, and these limitations and restrictions are binding upon third persons, if they have notice of them, or might with reasonable diligence have ascertained them." Mechem, Ag. § 708. As before stated, these instructions were not communicated to defendants, and they were not affected thereby. The provision of the original contract, requiring its approval by the company's Minneapolis manager, can have no controlling effect, inasmuch as the contract clearly contemplates subsequent changes, and such subsequent changes are not required to be so approved.

We have considered all of appellants' assignments of error, and find no reason for disturbing the verdict of the jury.

Order affirmed.