## H. WALBERG v. J. JACOBSON AND OTHERS.[1]

### July 3, 1919.

### No. 21,315.

**Contract — construction.**

1. A contract for remodeling a building by which the contractor

[1]Reported in 173 N. W. 409.

agreed to "fix the foundations where necessary," *held* to impose upon him the obligation to repair the foundation and adjust it to conditions resulting from raising the building from the existing foundation; the raising of the building being one of the contemplated changes the parties had in mind in entering into the contract.

**Same — extras — waiver.**

2. A provision of the contract that in the event extras became necessary to complete the work they should be provided for by written agreement, was not of the essence of the contract, but a detail in the performance, and the requirement of a writing on the subject could be waived.

**Same — evidence.**

3. The agent of the owner of the building had authority to waive the writing, and the evidence justified the trial court in finding that he did so.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of A. E. Evans against defendant Ida L. Benjamin, and a sale of the premises. From an order denying her motion for a new trial, Ida L. Benjamin appealed. Reversed.

*William B. McIntyre,* for appellant.

*Norton & Norton,* for respondent.

BROWN, C. J.

This action was brought to foreclose a mechanic's lien theretofore filed against the property of defendant Ida L. Benjamin. Defendant Evans appeared in the action and presented a lien claim in the sum of $576.87, for labor and material furnished by him under a contract with the owner in the work of remodeling the building situated on the premises. The merits of this claim in certain respects were put in issue by the answer of Mrs. Benjamin, and a trial thereof resulted in favor of Evans, and from an order denying a new trial Mrs. Benjamin appealed.

The premises were owned by Mrs. Benjamin, and she had determined to make some alterations and changes in the building situated thereon, and to that end entered into a contract with Evans by which he undertook and agreed to furnish all material and labor for such alterations,

and to make the same for the consideration of $800, which Mrs. Benjamin agreed to pay on the completion of the work.

The controversy in the case centers around two items in the account of Evans put forward as extra labor and material, not covered by the specifications of the contract, and for which he claims reimbursement. The items relate (1) to labor and material in repairing or readjusting the foundation of the building; and (2) to certain articles of material used in making the alterations in the building proper, which were not included in the specifications made a part of the contract.

1. The work on the foundation was performed by one Nelson, but whether he was directly employed by Evans or by Mrs. Benjamin or those representing her was a disputed question on the trial. It is however clear that Evans requested him to submit a bid for the work, and thereon he was awarded the job by some one. But we do not regard this controversy as of any special importance, for if by the contract Evans was under obligation to do the work, the cost thereof, paid by Mrs. Benjamin, should be deducted from the contract price, whether he employed Nelson or acquiesced in the performance of the work by him. Mrs. Benjamin paid Nelson, but under protest that the claim should be paid by Evans. And, as stated, if the foundation repairs formed a part of the contract for Evans to do she should have credit to the extent of the payment, for no question is raised as to the reasonableness of the amount.

We think this work clearly was imposed on Evans by the contract. It was contemplated by the parties when the contract was entered into that the building would have to be raised and leveled up, the expense of which Mrs. Benjamin assumed. It also was contemplated that raising the building would render necessary to some extent repairs on the existing foundation to make it conform to the new conditions, and they inserted in the writing a clause imposing on Evans the obligation to "fix the foundations where necessary." The record does not show that the foundation required any substantial repairs other than such as might become necessary by the alterations and changes or resulting from raising the building from the old foundation. And the only conclusion, as we view the record, is that the expression "fix foundations where necessary" had reference to that contemplated situation, and to all re-

pairs that were necessary in that respect. That view is fully supported by another clause of the contract which seems practically conclusive on the point. There seems to have been an effort in preparing the contract to guard against possible claims for extras by the contractor, and the stipulation or provision referred to, which to our minds leaves no room for fair doubt upon this branch of the case, is as follows:

"All we (Benjamin) have to pay as extras is for raising the building by mover to level it, for painting inside and outside, other decorating inside whatever may require, electric wiring, electric fixtures, any tinwork or plumbing whatever may be necessary."

It was understood that the foundation would have to be "fixed," Evans agreed to fix it, and the stipulation expressly limits the extras to those for which Mrs. Benjamin would be liable to those expressly stated therein, which does not include material for nor the labor of repairing or fixing the foundation.

We therefore hold that the learned trial court was in error in disallowing the claim of Mrs. Benjamin in respect to the foundation repairs.

1. The question whether Evans is entitled to the other items of extras is substantially one of fact, and our conclusion is that the findings of the trial court thereon are sustained by the evidence. The items were made up of labor and material necessary to complete the contemplated changes in the building, but for which no express provision was made by the contract. These the trial court was warranted in finding were authorized by the father or husband of Mrs. Benjamin, whom she had authorized to some extent to oversee and superintend the work under the Evans contract.

But counsel for Mrs. Benjamin calls attention to the following provision of the contract, namely: "Whenever there are any new extras that are not specified in this contract * * * then it is to be agreed to in writing and signed by Mr. Evans and Mr. Benjamin," and it is urged that since the extras in question were not agreed to in writing, as there provided for, Evans is not entitled to recover therefor. We do not concur in that contention. The quoted provision was not of the essence of the contract, but rather a detail in the performance, intended as a check upon the contractor, to be insisted upon or waived as suited the convenience of Mrs. Benjamin or her agent. The stipulation called

for a written agreement signed by Mr. Benjamin, but his general authority to make an agreement as to extras clearly would authorize him to waive the writing. Van Santvoord v. Smith, 79 Minn. 316, 82 N. W. 642; Michaud v. MacGregor, 61 Minn. 198, 63 N. W. 479. The trial court was justified by the evidence in finding that the extras were necessary to a completion of the work, that they were authorized by the agent of Mrs. Benjamin, and that the formality of putting the matter in writing was waived. She is therefore liable. Shaw v. First Baptist Church, 44 Minn. 22, 46 N. W. 146, is not in point, for the facts there before the court are essentially different from those in this case.

The case as to the particular extras differs from the work on the foundation. As heretofore stated that work was an essential element of the contract, a substantive part thereof, and we find no evidence to justify the conclusion that either the husband or father of Mrs. Benjamin had authority to change or modify the contract in a matter of substance. They had no implied authority to that effect. The most that can be spelled out of the evidence is that they represented Mrs. Benjamin only in reference to matters of detail performance by Evans.

This disposes of the case and the conclusion is that Mrs. Benjamin should be given credit for the foundation items, but not as to the other items claimed by Evans as extras. There is no occasion for a new trial. The interests of both parties require that the litigation come to an end. The cause will therefore be remanded for further proceedings in harmony with the views here expressed.

Order denying a new trial reversed.