### E. G. EVENSTA v. ST. OLAF COLLEGE AND OTHERS.[1]

January 13, 1928.

No. 26,111.

**Finding sustained that building contract had not been abandoned and extras were furnished pursuant to it.**

1. Building contract. The finding, to the effect that there had been no such substantial departure from the terms of the contract as to constitute an abandonment thereof and that the extras were furnished under and pursuant to the contract, is sustained by the evidence.

**Award of arbitrator sustained.**

2. The finding that the award of the arbitrator fixing the allowance for extras is valid and binding is justified by the record.

Building and Construction Contracts, 9 C. J. p. 721 n. 25; p. 853 n. 31; p. 884 n. 66; p. 886 n. 90.

Plaintiff contracted to erect a building for defendant college for a specified sum plus ten per cent of that amount for services. Later

[1]Reported in 217 N. W. 348.

he alleged an abandonment of the contract because of changes in the specifications. Upon completion of the building he filed a lien against the property for $29,086.69, including therein the lien claims of certain subcontractors in the amount of $13,148.35. In his action in the district court for Rice county to foreclose his lien he made the other lien claimants parties defendant. The court found that there had been no abandonment of the contract, that the subcontractors had valid liens in the amount of $11,842.85, that as between plaintiff and defendant college the valid liens exceeded the balance due plaintiff in the sum of $5,598.35, and ordered judgment for defendant for that amount. From an order, Senn, J. denying his motion for a new trial, plaintiff appealed. Affirmed.

*Martin A. Hogan* and *Brill & Maslon,* for appellant.

*L. O. Rue,* for respondent college.

TAYLOR, C.

Plaintiff entered into a contract with defendant St. Olaf College in May, 1924, to construct a science hall for the college in accordance with specified plans and specifications made a part of the contract, and to deliver the building finished and free from all liens or claims of any nature whatsoever. The contract was on what is termed a cost-plus basis. Plaintiff was to be paid the actual cost of the labor and material and an additional ten per cent thereof as his compensation. But plaintiff guaranteed that the cost of the building to defendant college should not exceed the sum of $171,216 for labor and material and ten per cent of that amount for his services, or a total of $188,337; and he agreed that the total amount to be paid by defendant college should not exceed the sum of $188,337, and that he himself would bear and defray any excess above that sum. Defendant college agreed to pay the actual cost to plaintiff of all labor and material not in excess of the sum of $171,216, and to pay him as his compensation a further sum equal to ten per cent of the cost not in excess of that sum, and in case the cost should exceed that sum to pay him the stipulated maximum of $188,337 and no more. The contract further provided, however,

that any increase in cost resulting from changes or additions should be added to this maximum, and that any saving in cost resulting from changes should be deducted therefrom.

Plaintiff erected the building and thereafter filed a lien against the property for the sum of $29,086.69. Certain subcontractors under plaintiff also filed liens amounting in the aggregate to the sum of $13,148.35. Plaintiff had included in his claim all the amounts for which other liens were filed. He brought this action to foreclose his lien and made the other lien claimants parties defendant. The court found that the subcontractors had valid liens amounting in the aggregate to the sum of $11,842.85. All parties acquiesced in the correctness of this finding, and defendant college paid these liens. The present controversy is solely between plaintiff and defendant St. Olaf College, and that defendant will be intended by the term defendant when used hereafter. The court found that the valid liens exceeded the balance due plaintiff in the sum of $5,598.35; and that defendant was entitled to judgment against plaintiff for that amount. Plaintiff appealed from an order denying his motion for a new trial.

Plaintiff asserted that there had been so many changes from the specified plans and specifications in the course of the work that it amounted to an abandonment of the contract and entitled him to recover on quantum meruit; and stated at the trial, as preliminary to the introduction of a large volume of evidence relating to such changes, that, "We will stand exclusively upon the proposal that we will recover here upon a quantum meruit basis or not at all."

The court found that the contract had not been abandoned but remained in full force and effect, and that plaintiff was bound by its terms. Whether this finding is justified by the record is the principal question in the case.

The contract is lengthy, covering 29 printed pages exclusive of the plans and specifications made a part thereof. It provided that defendant might, at any time, make changes in the plans or in the material or workmanship required, or require additional work or the omission of specified work, "without thereby impairing the

obligations of this agreement." It further provided that all changes, additions or reductions should be expressed in writing, signed or identified by the parties or their authorized agents, and that when so signed or identified they should become a part of the agreement. It further provided that before these writings were signed or identified the architect or superintendent should specify in writing the amount to be added to or deducted from the contract price on account of such changes, and that plaintiff should have no claim for extra work or material unless the amount thereof was so specified, and that all additional work and material furnished without being so specified should be deemed to have been furnished in lieu of that required by the plans and specifications. The contract further provided that, in case of any dispute as to the value of extra work or the amount to be added to or deducted from the contract price on account of changes or additions, the matter should be referred to Charles Hodgdon as sole arbitrator and that his decision should be final and binding upon both parties.

There was no material change in the size, shape or general plan and arrangement of the building or in the material of which the body of the building was constructed. A change was made in the specification for certain structural steel, but this change was made at plaintiff's instance. Changes were made in the material of which some of the floors and stairs were constructed, and in the manner of constructing and finishing them. In some of the partition walls for which four-inch tile had been specified six-inch tile was substituted to accommodate pipes for the plumbing. There were numerous other minor changes. The outer walls of the building were constructed of "quarry stone" and "rubble stone." Plaintiff claimed that he built these walls in a better manner and so as to give the building a better appearance than required by the specifications and was entitled to pay for extra work performed in constructing them. He made a claim for extra work and material in finishing the roof and joining it to the parapet walls; also for extra work and material in excavating for the foundation and in constructing the footings, and foundation and retaining walls.

Plaintiff also stresses the fact that in certain particulars the terms of the contract were not insisted upon or enforced. The contract provided for monthly estimates and for monthly payments of 85 per cent of such estimates. Instead of paying only 85 per cent thereof as stipulated, defendant at plaintiff's request paid the full amount of such estimates during the greater part of the work. Most of the extra work and material, except that to be performed or furnished by subcontractors, was ordered verbally and performed or furnished without any writing or fixing of the specific price therefor, but defendant made no objection on that ground to the allowance of such items. Defendant could and did waive that requirement. Walberg v. Jacobson, 143 Minn. 210, 173 N. W. 409. No records were kept from which to ascertain the cost of different portions of the work or of the extras; but the contract imposed upon plaintiff the duty to keep such records, and he is not in position to complain because they were not kept.

The contract expressly authorized the making of changes in and additions to the work, and provided that all such changes and additions should be made under and as a part of the contract. While various changes and additions were made and certain provisions inserted for defendant's benefit were not enforced, we find no such substantial departure from the terms of the contract as would justify holding that it had been abandoned and concur in the conclusion of the learned trial court that it remained in full force and effect. 9 C. J. 718, and 721, § 55.

Defendant paid the sum of $199,274.54 to plaintiff during the progress of the work, and also paid the sum of $2,423 to others for plaintiff, making a total of $201,697.54. At its completion plaintiff presented a bill in which he stated that the total cost of the building, including his compensation, was the sum of $228,144.83, upon which $199,274.54 had been paid, leaving a balance of $28,870.29 which he claimed as still due. This bill was accompanied by an itemized list of extras for which he claimed credit. Defendant claimed that the greater part of these items were not extras and refused to allow them. The matter was submitted to the arbitrator,

who found that plaintiff was entitled to a further sum of $6,033.96 on account of extras. The court found that this award was valid and binding and conclusive on the parties, and we are satisfied that this finding is sustained by the evidence. Arbitration of such matters is favored in law. Larson v. Nygaard, 148 Minn. 104, 180 N. W. 1002. The court found that the valid liens amounted to the sum of $11,842.85; that the award with interest thereon amounted to the sum of $6,244.50, and directed judgment for defendant for the sum of $5,598.35, the amount by which the liens exceeded the amount of the award.

We think the conclusions of the trial court were justified by the record, and the order is affirmed.