## EMIL PETERSON v. ERNEST ANDERSON.[1]

March 13, 1931.

No. 28,315.

*Putnam & Carlson,* for appellant.
*Niels H. Debel* and *J. O. Peterson,* for respondent.

HOLT, J.

Defendant appeals from an order denying a new trial after verdict for plaintiff. The action is to recover for the death of plaintiff's intestate caused by the wrongful act or negligence of defendant. Since the conclusion is reached that a new trial is unavoidable, no more of the facts and the trial need be stated than is deemed essential to bring out the point on which the decision is placed.

Emil Peterson, the plaintiff, was the husband of Della Peterson, deceased. On November 26, 1928, an automobile in which they were

[1]Reported in 235 N. W. 534.

riding, the husband driving, collided with a meeting automobile operated by defendant. This happened on a highway in Faribault county. From the injuries received in the collision Della Peterson died, leaving her surviving plaintiff and seven minor children. The complaint alleged the collision and death of Della Peterson to have been caused by defendant's negligent operation of his car. The answer of defendant denied negligence on his part and alleged that whatever injuries Della Peterson received at the time stated were caused solely by the negligence of herself and husband. The case was tried and submitted to the jury. The jury returned and presented to the court a verdict reading:

"We, the jury empaneled and sworn in the above entitled action, find for the plaintiff and assess his damages in the sum eight hundred dollars ($800). We find that Emil Peterson, above 'named, was guilty of contributory negligence."

Thereupon the court addressed the jury in these words:

"This verdict is for the plaintiff for $800. This is a finding, members of the jury, in favor of the plaintiff for the benefit of the seven children for the loss of their mother. The law requires in such a case a compensatory verdict, a verdict which will compensate, as far as dollars and cents can, for the life which has been taken away from them, for the life of their mother. Eight hundred dollars does not compensate the seven children, $112.50 apiece to each of the seven children. I cannot accept that verdict. You will retire and reconsider the question of damages. The amount of damages awarded to the children, if that is your verdict, should be compensatory. It should be as near as dollars and cents can pay them for the loss of their mother. You will again retire. I will prepare another blank form of verdict for your use."

The jury after deliberation returned again into court with a verdict which was accepted. It was precisely in the same form as that first presented except the amount awarded as damages was $3,500.

Error is assigned upon the proceedings above set out, the claim being that the verdict tendered should have been received and that

the court usurped the function of the jury when charging that $800 was not compensatory damages.

The trial court has the right to refuse to accept a verdict which is not in accord with the law and evidence. Craven v. Skobba, 108 Minn. 165, 121 N. W. 625; Strite Governor Pulley Co. v. Lyons, 129 Minn. 372, 152 N. W. 765. But under our practice, where a jury is to determine the amount of an unliquidated demand, the court may do no more than state the rules of law to be followed and applied in assessing the same. The court may not substitute its judgment for that of the jury as to the sum to be awarded nor indicate beforehand that a certain sum is too small and a verdict of that amount will not be accepted. When a court pursues such a course, there is grave danger of coercing the jury to abdicate that function of independent judgment which the law has seen fit to intrust to the jury.

This case clearly demonstrates how powerfully the judgment of the ordinary jury is swayed by the opinion expressed by a judge who has the confidence and esteem of the jurors. When informed that the court considered the verdict returned not adequate, a verdict more than four times larger was promptly returned. In litigation involving contracts, verdicts are often matters of computation from well established data testified to by witnesses; and in such cases the court may well upon inspection determine that a verdict returned is not supported by any computation possible under the evidence, and hence refuse to accept it and send the jury out for further consideration. The two cases above cited were of this sort. But in the case at bar, the value to the next of kin of the life wrongfully extinguished by the negligence of defendant is particularly for a jury alone to determine. We think a jury uninfluenced by the trial court's expressed opinion that a certain amount is not compensatory should determine the matter. This necessitates a new trial.

In a case such as this, where defendant alleges the contributory negligence of one of several next of kin as a defense, we think it better practice to charge the jury that if the defendant is found

liable then the jury should award a sum that would compensate the next of kin for the value of the life of which they have been deprived, however not exceeding the sum fixed by statute. A special verdict should be returned as to the issue of contributory negligence of the next of kin against whom the defense of contributory negligence was alleged. The court can thereafter distribute the amount properly by deducting from the verdict the amount of the next of kin whose negligence contributed,to the death and directing judgment for the balance to be collected and distributed to the other next of kin. This method would seem to accord with the view of the law giving a cause of action for death by wrongful act as expressed in Watson v. St. Paul City Ry. Co. 70 Minn. 514, 73 N. W. 400; Masek v. Hedlund, 162 Minn. 291, 202 N. W. 732. Had the first error discussed not occurred, there would have been no occasion to interfere with the verdict of $3,500, because it was clearly intended for the benefit of the children and was within the limit, since it is less than $5,000.

The order denying a new trial is reversed.