## SCHLEIFF v. BENNITT.

### No. 13914.

United States Court of Appeals
Eighth Circuit.

July 21, 1949.

Maurice L. Grossman, Minneapolis, Minn. for appellant.

W. M. Kronebusch, Minneapolis, Minn. (O'Brien & Kronebusch, Minneapolis, Minn., for appellant.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order refusing allowance of appellant's claim against the bankrupt estate of Almco, Inc., as a secured one. The basis for appellant's contention that her claim is a secured one is the alleged breach of a covenant in a lease between herself and appellee which, under the heading "Bond Against Liens," provides that, "It is understood and agreed with respect to all alterations and repairs, improvements or alterations to said demised premises, or any part thereof, which shall only be with the written consent of the lessor, that tenant shall and will in each instance save said lessor and said premises forever harmless and free from all costs, damages, loss and liability of every kind and character which may be claimed, asserted or charged, including liability to adjacent owners based upon the acts of negligence of said tenants or their agents, contractors or employees, or upon the negligence of any other person or persons in or about said premises or upon the failure of any or either of them to observe and comply with the requirement of the law or with the regulations of the authorities in the said city of Albert Lea, Minnesota and will preserve and hold the lessor and said premises forever free and clear from liens for labor and material furnished. And the tenant agrees that it will from time to time before making any such repairs, improvements or alterations furnish the lessor with a bond in an amount and with sureties satisfactory to the lessor conditioned for the performance by the tenant of the matters and things in this paragraph required to be done by the tenant."

The lease also contains provision that, "The tenant further agrees that all goods, chattels, fixtures and personal property belonging to said tenant, which are or may be put into said demised premises, shall at all times be bound with a lien in favor of said lessor, to be chargeable for all rents hereunder and the fulfillment of the other covenants and agreements herein contained * * *."

While lessee was in possession of appellant's property as tenant it made extensive improvements of a permanent character which became a part of the premises and under the provisions of the lease would pass to the lessor upon termination of the tenancy. Following the completion of these improvements mechanics' liens were filed against the lessor's leased property which were later foreclosed in an action brought in the State Court against the tenant and the lessor. As to each claim of lien the court found and adjudged that the lien claimant contributed to the improvement of the premises described by performing labor and furnishing materials and machinery for

the purpose of altering and repairing the premises and by the installation of pumping and heating equipment and new electric service "at the instance of the agent and tenant of Rose Schleiff and with her knowledge, consent and acquiescence." The judgment also contained an adjudication that the improvements were reasonably worth the amount of the charges made. This judgment amounted in the aggregate to $9,574.91 and this amount represents the sum which appellant seeks to have allowed as a secured claim. The referee having disallowed the claim, appellant in due course presented the matter to the District Court for review and the court having sustained and approved the order of the referee this appeal followed.

In seeking reversal appellant contends: (1) that the order appealed from is not justified by the evidence and is contrary to law; (2) that the referee erred in his conclusion that the failure of the tenant to obtain written consent of the lessor to the improvements to the leased premises conferred no lien right on lessor because of the fact that the claimant consented to and acquiesced in the making of the improvements; (3) the referee erred in his conclusion that the lessor can not recover from the trustee in bankruptcy for the value of the improvements made to her premises and at the same time obtain the benefits accruing to her premises by said improvements; (4) that the referee erred in failing to find that at the time of the execution of the lease in question appellant checked the financial responsibility of the lessee and had satisfied herself that it was financially responsible, thus justifying appellant in not requiring the bankrupt to put up a bond for the improvements.

As has been observed, appellant's claim is bottomed on the provisions of a lease which was entered into between herself and appellee's assignor and predecessor in interest. That instrument is primarily a lease, prepared on a printed form which is designated as a "Business Lease." It was entered into on the first of March, 1946, and the parties were designated as lessor and lessee, or as lessor and tenant. The instrument does not on its face purport to be a conveyance nor a mortgage and the provi-

sion for a lien is incidental to the lease provisions. The property affected by the lease was located in the City of Albert Lea, Freeborn County, Minnesota. The lease was not filed with the Register of Deeds of Freeborn County, Minnesota, until September 12, 1946. During the six months period in which the lease was withheld from record creditors of the bankrupt extended credit to the extent of some $45,000.00, the substantial part of which is entered as the general creditors' claims against the bankrupt's estate. Shortly following the execution of the lease, to-wit, on March 9, 1946, the tenant began making certain improvements to the premises and the making of these alterations and improvements which were of a permanent character and added materially to the value of the property, resulted in the establishment of the liens which formed the basis of appellant's claim.

It is observed that the State Court found and adjudged not only that the improvements and alterations were made with the knowledge, consent and acquiescence of the lessor but "at the instance of the agent and tenant of said Rose Schleiff." If the improvements were made at her instance, as well as at the instance of the lessee, then she became primarily liable and the lien clause in the lease did not attach for a liability which she herself had incurred. Apparently the plaintiff recognized that the improvements and changes made, which were on her own property and enhanced its value, were being made at her expense because she posted no notice on the premises notifying contractors and material men that neither she nor her property would be responsible for liens, as she might have done under the provisions of the Minnesota statute, M.S.A. § 514.06, nor did she require the tenant to give bond for the purpose of holding her harmless for the cost of such improvements. These provisions for her protection were all available to her but she waived them and now seeks to impress the bankrupt estate with a lien for the cost of these improvements which were made at her instance and which, as said before, materially enhanced the value of her property. It has been held that failure of the property owner to serve or post the notice specified in the Minne-

sota statute gives rise to the presumption that he authorized the improvements and has the same legal effect as an express acknowledgment that the improvement is being made at his instance. Dower Lumber Co. v. Rodewald, 157 Minn. 314, 196 N.W. 473.

It should be noted too that although the lease provides that the tenant should make no alterations or additions to the premises without first obtaining the written consent of the lessor, no objection was interposed by the lessor although written consent of the owner was confessedly not obtained. These improvements were being made during the period from March 9, 1946 to November 25, 1946, and could have been effectively stopped by the lessor because her written consent had not been obtained or because the bond provided by the lease had not been given. Having failed to act in this regard she might still have prevented the liens attaching to the property by giving the notice provided by the statute. Certainly the lessor did not require strict performance of the covenants or premises in this lease. She had a right to waive such performance and under the circumstances here we are clear that she did so. Walbert v. Jacobson, 143 Minn. 210, 173 N.W. 409; Malmquist v. Peterson, 149 Minn. 223, 183 N.W. 138; Kellar v. Henvit, 219 Minn. 580, 18 N.W.2d 544. Having waived the provisions of the contract inserted for her benefit or protection, she can not now assert a right for damages or for other relief, the occasion for which would not have arisen had she not waived these provisions in the lease.

As has been observed there are two pertinent clauses in this lease. One is the separate paragraph entitled "Bond Against Liens"; the other is a separate paragraph entitled "Fixtures and Personal Property," which is the lien clause. A specific means of protection against liens arising from the making of alterations or improvements is provided; to-wit, the furnishing of bond "in an amount and with surety satisfactory to lessor, conditioned for the performance by the tenant of the matters and things in this paragraph required to be done by the tenant." We think

the referee and the court correctly construed this clause as providing the exclusive means for protecting the lessor against mechanics' liens, especially where she had consented to the making of the improvements. The lien clause, so called, relates to security for the tenant's fulfillment of the lease. There was no necessity of reading into that clause security against mechanics' liens because that contingency was specifically provided for by an earlier clause. The contract, of course, should be construed as a whole, and each part given effect if reasonably possible.

In view of our conclusion on the matters already considered, we pretermit consideration of the other contentions urged by appellant as being immaterial.

The order appealed from is therefore affirmed.