Curtiss COLLIS, Appellant,

v.

Hildegarde MARTZ, as Trustee for the Surviving Spouse and Next-of-Kin of Olivia Collis, Decedent, Appellee.

No. 19118.

United States Court of Appeals Eighth Circuit.

July 15, 1968.

Maurice H. Rieke of King, MacGregor & Lommen, Minneapolis, Minn., for appellant.

Harold E. Farnes of Scallen, Farnes, Evidon & Harder, Minneapolis, Minn., for appellee.

Before MATTHES and HEANEY, Circuit Judges, and REGISTER, Chief District Judge.

MATTHES, Circuit Judge.

Curtiss Collis, husband of Olivia Collis, deceased, seeks review of the judgment entered against him in a wrongful death suit brought by his wife's trustee, on behalf of their surviving minor children. The sole question on this appeal is whether the District Court, Honorable Gunnar H. Nordbye, erred in refusing to grant appellant's post-trial motion for an appropriate order setting aside the judgment and reducing the $35,000 verdict rendered against him.

The pertinent facts are uncontroverted. On June 30, 1966, a station wagon

operated by appellant collided with a truck under the control of Jerome L. Revier, employee and agent of Hillemeier Bros., Inc. Olivia Collis, appellant's wife, and their oldest child, who were passengers in the Collis vehicle, were killed. Four other minor children, ranging in age from six to thirteen years, survived.

Thereafter, Hildegarde Martz, sister of Olivia, was duly appointed as trustee for the surviving spouse (appellant) and the next-of-kin of Olivia (the four surviving children) for the purpose of commencing and prosecuting an action for the wrongful death of Olivia. The trustee is a citizen of Colorado. Appellant, Revier and Hillemeier Bros. are citizens of Minnesota. Thus, jurisdiction is established.

The trustee filed this suit solely on behalf of the minor children against appellant, Revier and Hillemeier Bros. She alleged that the collision and the ensuing death of Olivia were caused by the negligence of the drivers of the involved vehicles. The complaint specifically stated that by reason of the wrongful death of Olivia, "the above mentioned next-of-kin (surviving children) have had a pecuniary loss * * * far in excess of the provisions in the laws of the State of Minnesota." [1]

Appellant filed a separate answer to the complaint. He denied fault, affirmatively alleged that Revier and Hillemeier Bros. were solely negligent, and prayed that plaintiff-trustee take nothing against him. However, he did not file a cross claim against his co-defendants for damages sustained by him as the surviving spouse of Olivia, and he made no objection to the trustee's failure to seek recovery in his behalf.

Under appropriate instructions submitting the question of the negligence of the operators of the two vehicles, the jury by general verdicts found for the trustee against appellant and assessed her damages at $35,000. Revier and Hillemeier Bros. were exonerated. Judgment was entered accordingly. Thereafter, appellant filed a motion to set aside the judgment and to reduce the amount of the verdict upon the theory that his damages as "surviving spouse" must be deducted from any verdict accruing to the benefit of the "next-of-kin." Following denial of this motion appellant perfected this appeal.

In his memorandum opinion denying the post-trial motion, Judge Nordbye found, in substance, that appellant did not object to the failure of the trustee to prosecute a claim in his behalf as the surviving spouse; appellant did not assert a claim for damages against his co-defendants Revier and Hillemeier Bros.; and that "under the Minnesota Wrongful Death Statute, no damages can be recovered by a husband who is guilty of negligence or contributory negligence which proximately causes the death of his wife." Additionally, the Court found:

"At best, any computation of damages under the evidence to the father, although not recoverable, would be speculative and nominal. Finally, where the father deliberately waives any claim for damages as surviving spouse of a deceased person by wilfully and knowingly failing to assert his claim when afforded an oppor-

---

1. The maximum amount that may be recovered for a wrongful death in Minnesota is $35,000. Section 573.02 Minn.Stat. provides in pertinent part:

"Subdivision 1. When death is caused by the wrongful act or omission of any person or corporation, the trustee * * * may maintain an action therefor if the decedent might have maintained an action, had he lived, for an injury caused by such wrongful act or omission. * * * The recovery in such action is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $35,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. * * * *"

tunity to do so, and is now barred by a finding of negligence against him as a proximate cause of this accident, and which finding is abundantly supported by the record herein, this Court should not disturb the verdict. Certainly, the pecuniary loss of these minor children by the loss of their mother fairly encompasses the entire statutory amount in this wrongful death action. The views of the Minnesota Supreme Court in Hondl v. Chicago Great Western Ry. Co., 249 Minn. 306, 313 [82 N.W.2d 245], sustain the Court's action herein."

Before adverting to the claim of error, and in order to bring it into proper perspective, we note that no attack is made upon the finding that appellant's negligence was the sole proximate cause of the collision and the death of his wife. That issue has been conclusively settled by the jury's verdict and the judgment. Nor does appellant suggest that the award of $35,000 for the benefit of his surviving minor children lacks evidentiary support. Indeed, the parties have stipulated that by this appeal appellant seeks only an appropriate reduction of the $35,000 verdict and the judgment entered thereon or, in the alternative, for a new trial limited to the issue of damages.

Appellant places heavy reliance upon the language of Section 573.02, supra, providing that the recovery " * * * shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the re-

covery and orders distribution accordingly." While recognizing that a negligent beneficiary cannot collect the amount of his pecuniary loss, appellant nevertheless contends that his loss should have been determined and the award reduced proportionately.

Judge Nordbye was not persuaded by this argument and neither are we. There are several insurmountable flaws in appellant's position. First, he neglected to timely object to the failure of the trustee to sue in his behalf.[2] Second, he interposed no claim against the co-defendants for his loss as the surviving spouse. Third, the jury conclusively determined that his negligence was the sole cause of the death of his wife. Fourth, the amount awarded for the benefit of the children is supported by substantial evidence.

The Minnesota cases cited by appellant are clearly distinguishable. Certainly they do not require a remand of this case for further proceedings.[3] Emphasis is placed upon Mattfeld v. Nester, 226 Minn. 106, 32 N.W.2d 291, 307–308, 3 A.L.R.2d 909 (1948), where the Court stated:

"Where the negligence of one of several beneficiaries contributed to the death, recovery in an action for wrongful death may be denied to the extent that it would inure to the one guilty of contributory negligence. (Citing cases). The proper practice is to require the jury by general verdict to assess the entire damages for loss of the life to all the beneficiaries; to determine by special verdict whether any beneficiary of the recovery was guilty of contributory negligence;

2. We glean from the record that it was not until all of the evidence was in that appellant raised the question of his right to recover for the loss of his wife. At that time he offered an instruction which would have required the jury to "determine the pecuniary loss first of Curtis Collis, the surviving spouse and also the pecuniary loss to * * * the surviving children * * * of * * * Olivia Collis, * * *." The District Court declined to give this instruction. The jury

was instructed to determine the pecuniary loss sustained by the children, limited to the ceiling of $35,000.

3. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A.L.R. 643 (1917); Peterson v. Anderson, 183 Minn. 86, 235 N.W. 534 (1931); Anderson v. Anderson, 188 Minn. 602, 248 N.W. 35 (1933); Luck v. Minneapolis St. Ry. Co., 191 Minn. 503, 254 N.W. 609 (1934); Mattfeld v. Nester, 226 Minn. 106, 32 N.W.2d 291, 3 A.L.R.2d 909 (1948).

and then to deduct from the general verdict the amount of the special verdict if the latter is against the beneficiary. Peterson v. Anderson, 183 Minn. 86, 235 N.W. 534."

Under appropriate circumstances, the trial court should adhere to the suggested practice. However, whether the procedure should be followed must of necessity depend upon the attending circumstances. The Supreme Court of Minnesota recognized the flexibility of the rule in the later case of Hondl v. Chicago Great Western Ry. Co., 249 Minn. 306, 82 N.W.2d 245 (1957), which, as we have noted, was relied upon by Judge Nordbye. In *Hondl*, as here, it was asserted that the trial court erred in failing to heed the admonition of the Court in *Mattfeld*, in submitting the issue of damages. The *Hondl* Court responded:

"Under the circumstances here we think that it was properly a question of judicial administration for the trial court, in the exercise of his discretion, to submit the issue as he did, particularly in view of the fact that the court had found that Mr. Hondl was contributorily negligent as a matter of law. Consequently, it was not necessary to instruct the jury to assess the damages to all the beneficiaries and then deduct the portion due the beneficiary who was guilty of contributory negligence." 82 N.W.2d at 250.

Appellant attempts to distinguish *Hondl* on the ground that the Court, and not the jury, found that Hondl was guilty of contributory negligence. This difference is of no significance, particularly in light of the posture of the case as it reaches us. We are reviewing the post-trial action of the District Court in denying the motion to reduce the award for the children. The question of appellant's negligence has been settled. Indeed, that was the situation when the Court denied the motion. In this connection, Judge Nordbye pertinently found "* * * now that the jury has found him solely responsible for his

wife's death, and he is, at this posture of the lawsuit, barred from claiming any right to recovery as a surviving spouse * * *."

We find ourselves in complete agreement with the District Court's submission of the issue of damages, and its denial of the post-trial motion to reduce the judgment. Appellant has wholly failed to demonstrate any prejudice.

Affirmed.