JERRY W. FISCHER, d.b.a. J. W. FISCHER
COMPANY, v. ROBERT R. PINSKE,
d.b.a. PLATO WOODWORK.

243 N. W. 2d 733.

June 18, 1976—No. 46084.

*Bloedel, Nelson, Slade, Volstad & Hawkinson* and *Clifford G. Nelson,* for appellant.

*Nemo, Bell, Stapleton, Brenner & Nolan* and *Mark M. Nolan,* for respondent.

PER CURIAM.

Defendant, a manufacturer of prefinished wood cabinets, appeals from a judgment awarding plaintiff, a manufacturer's sales representative, damages equal to 11 months of net sales commissions for breach of a written contract provision requiring defendant to give 1 year's notice of cancellation. The issue for review is the trial court's determination that the parties by their conduct waived a provision of their original written contract, "for a trial period of six (6) months," which provided that at the end of that period the parties might renew that contract for 1 year by an additional writing to that effect, in which event it could then be canceled only by 1 year's notice. We affirm the trial court's determination.

The relevant facts appear undisputed. On August 18, 1971, the parties entered into the original contract by which plaintiff was to represent defendant as a manufacturer's agent. The contract provided for the rate of commission and that plaintiff was to carry no competing lines of products. Provision 11 of this contract[1] set forth the parties' option to renew in writing the con-

---

[1] Provision 11 of the agreement provided: "This contract is to remain in effect for a trial period of six (6) months. At the end of this period, the agreement may be renewed for a period of one (1) year from that

tract for a 1-year period after the 6-month trial period, as well as the provision for 1 year's notice of cancellation. Subsequent to the execution of the contract, no further written agreements were executed by either of the parties until July 27, 1972, when defendant wrote a letter informing plaintiff that the commission rate was to be changed from the contract rate of 10 percent to 7 percent. Although the renewal requirement was never thereafter considered or discussed by the parties, their business relation continued without any change whatsoever for about 2 1/2 years, or until April 26, 1974, when by letter defendant terminated the "contract" of plaintiff, effective 30 days thereafter. By this action, plaintiff seeks damages for defendant's failure to give 1 year's notice of termination. Also included was a claim for unpaid commissions, which was settled before trial. By stipulation, the only issue tried was the question of whether plaintiff was entitled to 1 year's notice of termination.

The trial court determined that the parties by their "actions and inaction * * * waived the provisions of the agreement calling for the renewal of the original contract for one year by a

point by the mutual agreement of the parties hereto expressed in writing. If the agreement remains in effect for one (1) year, it can then be cancelled only by giving one (1) years notice in writing of intention to cancel, subject however to this one condition, that the volume of business obtained by the J. W. Fischer Company from year to year shows an increase from the previous year. In the event there is no increase from year to year, then this contract may be terminated by either party by thirty (30) days written, mailed notice to the other at its last known address, of its intention to terminate. The right of termination shall not exist if the failure to increase the volume annually is caused by (a) the inability of the Manufacturer to ship orders obtained by the J. W. Fischer Company, except that the Manufacturer shall not be expected to ship more than 15%, of annual orders in any one month; (b) a national recession in the economy of the country recognized and declared by the United States President in office at that time. The agreement, however, can be instantly terminated by either party if the other fails to adhere to the terms stated in this contract and can otherwise be terminated at any time by mutual agreement."

writing to that effect." The basis of the trial court's holding was that Provision 11 did not make clear the parties' intention if no written renewal contract was drafted or signed, and that the subsequent conduct of the parties supported a reasonable inference of their agreement to waive the requirement of an additional writing and to be bound by the terms of the original agreement. We agree.

It is not reasonable to argue, as does defendant, that if any waiver occurred 6 months after August 18 it must have been a waiver of the entire contract. The original contract bound plaintiff, among other things, to exert good-faith efforts as defendant's manufacturer's agent and to carry no competing lines. Both parties by their conduct continued to honor these terms throughout the course of their dealings for several years. It thus may be reasonably inferred that both parties understood themselves to be bound by these written terms. There is simply no evidence of waiver as to any of the other terms of the contract. The fact that the parties behaved as if bound by the original contract persuasively demonstrates that they both could be found to have waived any requirement for a writing expressed in Provision 11.

In Malmquist v. Peterson, 149 Minn. 223, 183 N. W. 138 (1921), this court held that a provision in an option contract for the sale of land requiring the option to be exercised within a specified time may be waived by the vendor if after the expiration of the option period the vendor by his conduct treats the contract as still in force. We stated (149 Minn. 226, 183 N. W. 140):

"* * * 'Where by the course of conduct of one party to a contract, entitled to the performance of certain terms or conditions thereof, the other party has been led to believe, as a man of average intelligence, that such performance will not be required, until it has become too late to perform, or until to insist upon performance would work material injustice, the person who has so conducted himself is barred from asserting the right he had.' Bigelow, Estoppel (6th ed.) p. 717."

We are persuaded that in the particular circumstances of this case it was reasonable for plaintiff to conclude from the conduct of defendant that a second writing, renewing the original contract, was simply not required. Cf. Edelstein v. Duluth, Mi. & I. R. Ry. Co. 225 Minn. 508, 523, 31 N. W. 2d 465, 473 (1948).

Since the trial court, as the evidence justified, found the parties bound by the original written contract of August 18, 1971, and found that defendant waived whatever right he had to an additional writing, it is apparent that there is no merit in defendant's contention on appeal that plaintiff's claim is barred by the applicable statute of frauds, Minn. St. 513.01(1). The agreement sued upon here was in writing.

Because Provision 11 provides for 1 year's notice if the August 18, 1971, agreement remains in effect for 1 year or more, and because in our view this contract was in effect from August 18, 1971, until the date of the termination notice in 1974, the trial court was correct in concluding that plaintiff was entitled to 1 year's notice and in assessing damages accordingly.

Affirmed.