**Charles E. HOUSE, Respondent,**

v.

**C.K. BAXTER, et al., Appellants.**

**No. CX 84–2217.**

Court of Appeals of Minnesota.

July 9, 1985.

Conrad M. Fredin, Joseph J. Roby, Jr., Duluth, for respondent.

Tyrone P. Bujold, J. Kent Richards, Duluth, for appellants.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment which determined that an employment agreement expired November 30, 1981, and that an implied contract existed which required the partners of an accounting firm to have just cause before discharging another partner. We reverse in part and remand.

## FACTS

Appellant Stillman, House, Swanson & Co., Ltd. is a professional corporation en-

gaged in the practice of accounting in Duluth. Appellants C.K. Baxter, D. Svendsen and A.F. Swanson, and respondent Charles House each own shares of the corporation and serve as its officers and directors.

Several months after incorporation of the firm in 1978, the four shareholders drafted a buy-sell and employment agreement. Included in the employment agreement was a "pay if you take" clause requiring a departing shareholder to compensate the firm for clients of the firm that transfer their business to the departing shareholder when he leaves. Also included in the employment agreement was a provision permitting termination of a shareholder's employment without cause. Finally, the employment agreement provided that:

> The term of this Agreement shall be from August 29, 1979 until November 30, 1981, unless terminated as provided in this Agreement.

In November, 1981 the firm met at its annual retreat to discuss, among other items of business, extension of both the buy-sell and employment agreements for another three-year period. The minutes from the business meeting reflect the decision to extend the buy-sell agreement until November 30, 1984. However, the minutes are silent regarding a similar extension for the employment agreement. The working notes of the firm's attorney, Mark Signorelli, also specifically mention the 1984 extension date for the buy-sell agreement, but not for the employment agreement.

In June 1984 respondent House tendered his resignation to the firm effective the following December. Appellants agreed to accept the resignation thereby invoking the "pay if you take" clause included in the original employment agreement, which they claim remained effective until December 1, 1984. Respondent disagreed and brought suit seeking a determination that his employment agreement with the firm expired by its own terms on December 1, 1981, when no action was taken by the firm to renew it for an additional three-year period.

In September of 1984 appellants gave House notice of a shareholder's meeting called for the purpose of terminating House's employment with the firm. House obtained a temporary injunction restraining appellants from terminating his employment prior to December 1, 1984.

Following trial, the trial court found the employment agreement had expired by its own terms and had not been extended. The court also found an implied contract of employment before the partners could discharge House.

## ISSUES

1. Did the trial court err in not considering evidence of the parties' conduct after 1981 as bearing on whether the contract was impliedly extended?

2. In the absence of a written contract, may an employee be discharged without cause?

## ANALYSIS

In its order for judgment the trial court found:

> * * * that the employment contract has expired by its own terms on November 30, 1981, and that it was not extended beyond its terms. The amendment of December 1, 1981 did not extend the agreement.

1. If review of the evidence is limited to the events of November 1981, there is ample support for the trial court's finding. If, however, the actions of the parties following November 1981 are considered, there is also evidence to support an implied extension of the contract. We are not able to determine whether the court examined the conduct of the parties after termination of the written agreement. Such scrutiny is necessary to determine whether the employment agreement was impliedly extended.

In *Fischer v. Pinske*, 309 Minn. 202, 243 N.W.2d 733 (Minn.1976), plaintiff contracted with defendant to represent it as their exclusive manufacturer's agent. The employment contract contained an option to

renew the agreement in writing for a one-year period after an initial six-month trial period. The contract also required one-year's notice of cancellation. The business relationship between the parties continued for two and a half years without any written renewal. The defendant then gave plaintiff 30 day's notice of its intention to terminate the relationship. Plaintiff claimed he was entitled to one-year's notice as provided in the original agreement. The court held that because both parties had honored the terms of the agreement by their conduct for several years, they had waived the requirement in the contract that a renewal be in writing. 243 N.W.2d at 735.

Other jurisdictions addressing the issue have implied an extension to an employment agreement if the employment continues and the parties act as though the old agreement has been extended. *Borne Chemical Company, Inc. v. Dictrow*, 85 A.D.2d 646, 445 N.Y.S.2d 406 (N.Y.App. Div.1981); *Fenno v. Jacobe*, 657 S.W.2d 844 (Tex.App.1983).

Here, appellants claim the parties acted as though the original employment agreement was still in effect. Respondent continued his employment with the firm for several years after the November 1981 termination date specified in the original agreement. Although a date for extension was not included in the amendments to the employment agreement, all parties, including respondent, signed the amendments on December 1, 1981, a day after the intended termination date. Finally, respondent chose to make his resignation effective on December 1, 1984, the day the employment agreement, had it been expressly extended, would have expired.

Testimony of appellants also indicates a belief the original agreement was still in effect. Baxter testified that after signing the amendments on December 1, 1981 he understood the employment agreement to be effective for another three years. Svendsen testified that he considered leaving the firm in 1983, but chose not to, in part, because he considered himself bound by the original agreement.

After the firm's retreat in 1981 it was House's duty as managing partner to relay to the firm's attorney, Mark Signorelli, changes agreed upon by the partners to both agreements. Signorelli testified that the substance of his conversations with House was that both agreements would be extended for another three year term. House did not testify as to what instructions he gave Signorelli. Signorelli characterized his failure to include an express extension date for the employment agreement as an oversight on his part.

■ The trial court apparently considered only the conduct and intent of the parties before expiration of the employment agreement on November 30, 1981. This limited view was error. Whether the employment agreement was impliedly extended and was therefore in force when respondent tendered his resignation requires examination of the parties conduct and intent after expiration of the written agreement.

All parties agree that several features of the written agreement continued beyond November 30, 1981. These include the pay period, insurance, office space, promotional activities, personal automobiles, and respondent's acceptance in October 1984 of contractual disability benefits (respondent does characterize the latter as standard pay for sick leave).

Where the parties by their conduct continued to honor the terms throughout the course of their dealing for several years, and where there was no evidence of waiver as to any of the other terms of the contract, the *Fischer* court said:

> The fact that the parties behaved as if bound by the original contract persuasively demonstrates that they both could be found to have waived any requirement for a writing expressed in Provision 11.

*Id.* 243 N.W.2d at 735.

■ The statute of frauds is not a bar to appellant's claim if the parties, by their

**30**

conduct, have impliedly extended a written contract. *Fischer* at 735.

 2. The written employment agreement provided for expulsion of a shareholder upon unanimous vote of the remaining shareholders *with or without cause.* There is no evidence of the parties conduct following November 1981 which implies a contract to require cause. Even without an implied extension of the written agreement, the prior written agreement is evidence of intent of the partners that termination was to be without cause. *Evans v. Blesi,* 345 N.W.2d 775 (Minn.Ct.App. 1984), is inapplicable. The advisory jury and trial court found that Evans' resignation was obtained by "misrepresentation, intimidation, threat and duress" and that Blesi had breached a fiduciary duty toward Evans. *Id.* at 778. There is no such charge here. House was on equal footing with the other partners. The latter attempted to discharge him prior to his resignation date, only to trigger the terms of the buy-sell agreement which expired one day before the proposed resignation. The general rule that an employee is terminable at will in the absence of a contract to the contrary is applicable. *Cedarstrand v. Lutheran Brotherhood,* 263 Minn. 520, 117 N.W.2d 213 (1962).

### DECISION

Although the record supports an implied extension of the written employment agreement which expired by its terms November 30, 1981, we recognize that believability and credibility of witnesses is uniquely a function of the trial judge. We therefore remand with instructions to consider the actions of the partners following November 1981, and to make appropriate findings. If, upon reconsideration, an implied extension is found, then the court must address the "pay if you take" provision in the contract and determine what amounts, if any, respondent must pay to the remaining shareholders for the business taken by him when he left the firm. If an implied extension is found, respondent's termination

date will be deemed to be prior to November 30, 1984. We remand.