**Charles E. HOUSE, Respondent,**

v.

**C.K. BAXTER, et al., Appellants.**

**No. C9–85–1845.**

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied May 22, 1986.

---

Joseph J. Roby, Jr., Johnson, Fredin, Killen, Thibodeau & Seiler, P.A., Duluth, for respondent.

William M. Burns, J. Kent Richards, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for appellants.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a supplemental judgment determining that an employment agreement expired on November 30, 1981 and was not extended by implication beyond that date. We affirm.

## FACTS

Appellant Stillman, House, Swanson & Co., Ltd. is an accounting firm in Duluth. It was incorporated on December 1, 1978. Appellants C.K. Baxter, D. Svendsen, A.F. Swanson, and respondent Charles House each own shares of the corporation and serve as its officers and directors.

Several months after incorporation, Mark Signorelli, counsel to the firm from its inception, drafted a buy-sell and employment agreement. Included in the employment agreement was a "pay if you take" clause requiring a departing shareholder to compensate the firm for clients that transfer their business to the departing shareholder. The employment agreement contained a "sunset" provision that provided as follows:

> The term of this Agreement shall be from August 29, 1979 until November 30, 1981, unless terminated as provided in this Agreement.

The employment and buy-sell agreements were both dated August 29, 1979, and the shareholders each executed a copy of the agreements on that date.

In November 1981, the firm met at its annual retreat to discuss, among other items of business, extension of both the buy-sell and employment agreements for another three-year period. The minutes from the business meeting reflect the decision to extend the buy-sell agreement until November 30, 1984. The minutes are silent, however, regarding a similar extension for the employment agreement. The working notes of Signorelli also specifically mention the 1984 extension date for the buy-sell agreement but are silent as to an extension for the employment agreement.

In June 1984, respondent tendered his resignation to the firm to be effective December 1, 1984. Appellants agreed to accept the resignation, thereby invoking the "pay if you take" clause included in the original employment agreement, which they claimed remained effective until December 1, 1984. Respondent then brought

suit seeking a determination that the employment agreement containing the "pay if you take" clause had expired by its own terms, had not been extended, and was no longer binding on him.

Following trial, the court found, *inter alia,* that the employment agreement had expired by its own terms and had not been extended.

The judgment was appealed to the Minnesota Court of Appeals. The court of appeals found ample support for the trial court's determination that there was no *actual* extension of the written contract. The court reversed in part and remanded, however, holding that the trial court erred in not considering evidence of the parties' conduct after expiration of the written employment agreement to determine whether there was an *implied* extension of the written contract. *House v. Baxter,* 371 N.W.2d 26 (Minn.Ct.App.1985).

On remand, the trial court found that the conduct of all parties concerned was "for all practical purposes the same before, during and after the existence and termination of the Employment Agreement and, thus, no extension should be implied therefrom." The trial court also found that all partners had agreed and understood that the sunset clause would terminate the agreement on November 30, 1981 if the parties did not agree to an extension in writing.

### ISSUE

Did the trial court err in concluding that there was no implied extension of the written employment agreement?

### ANALYSIS

The existence of an implied extension of a contract is a question of fact. *See Bergstedt, Wahlberg, Berquist Associates, Inc. v. Rothchild,* 302 Minn. 476, 479–80, 225 N.W.2d 261, 263 (1975). We will not

upset the factual finding of a court sitting without a jury absent a determination that the finding is clearly erroneous. Minn.R. Civ.P. 52.01. In addition, due regard must be given to the trial court's opportunity to evaluate the credibility of witnesses. *Bergstedt,* 302 Minn. at 479, 225 N.W.2d at 263.

The Minnesota Supreme Court addressed the issue of whether it is proper to imply an extension of a contract in *Fischer v. Pinske,* 309 Minn. 202, 243 N.W.2d 733 (1976). In that case, plaintiff contracted to represent defendant as its exclusive manufacturer's agent. The employment contract contained an option to renew the agreement in writing after an initial six-month trial period. The contract also required a one-year notice of cancellation. The business relationship continued for two and one-half years without any written renewal. Defendant then gave plaintiff thirty days notice of its intention to terminate the relationship. Plaintiff claimed that he was entitled to a one-year notice as provided in the original agreement. The supreme court held that because both parties had continued to honor the terms throughout the course of their dealing for several years, they had waived the requirement in the contract that a renewal be in writing.[1] *Id.* at 205, 243 N.W.2d at 735.

In the present case, the trial judge adopted respondent's understanding that the "pay if you take" clause had expired and was not extended by implication. The trial court's findings are supported by the evidence. First, this case is factually distinguishable from *Fischer.* In *Fischer,* the renewal requirement was never considered or discussed by the parties after they entered into the contract. *Id.* at 204, 243 N.W.2d at 735. In this case, in contrast, the accounting firm met at its annual retreat to discuss the extension of the employment agreement for another three-year

---

**1.** Other jurisdictions have created a presumption that the employment contract has been extended, despite the lack of an express agreement to do so, if the employee continues to render the same services as were rendered during the term of the original contract. In these jurisdictions, the presumption may be overcome by evidence that the parties did not intend to extend the contract. *See, e.g., Borne Chemical Company, Inc. v. Dictrow,* 85 A.D.2d 646, 445 N.Y.S.2d 406 (1981); *Fenno v. Jacobe,* 657 S.W.2d 844 (Tex.Ct.App.1983).

**720**

period. Furthermore, the *Fischer* court emphasized that the contract in issue did not make clear the parties' intent if no renewal contract was written or signed. *Id.* at 205, 243 N.W.2d at 735. The employment agreement in the present case contained a sunset provision explicitly ending the agreement as of November 30, 1981.

The evidence regarding the sunset provision further supports the trial court's findings. Appellant Charles Baxter testified that he had been working for at least four years without a written contract before signing a written contract with respondent Charles House and the others. He testified that the contract was to last for a little over two years, at which time the parties were to evaluate it and make changes. Appellants Baxter and Daniel Svendsen both testified that the employment agreement was to automatically expire on November 30, 1981 without further action on anyone's part. They admitted that even if the failure to renew was a mistake, the intent was that the contract would end. The contract contained no express provision for extension of the term. *C.f. Tynan v. KSTP, Inc.,* 247 Minn. 168, 77 N.W.2d 200 (1956) (provision for annual automatic renewal unless changed or terminated in manner provided by the agreement). Thus, there was sufficient evidence for the trial court to conclude that the parties did not intend to extend this employment agreement by implication.

### DECISION

The trial court did not clearly err in failing to extend the term of the employment agreement.

Affirmed.